IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NCR CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 11-481-NLH-AMD |
| | ) | |
| BB 2009 TRUST, | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF BB 2009 TRUST IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO JOIN A NECESSARY AND INDISPENSIBLE PARTY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Defendant BB 2009 Trust*

OF COUNSEL:

Paul S. Hessler
Robert H. Bell
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105
(212) 903-9000

June 21, 2011

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... I

NATURE AND STAGE OF PROCEEDINGS .......... 2

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 5

I. THIS ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN BLOCKBUSTER TO THIS ACTION .......... 5

A. Blockbuster is a Required Party .......... 5

1. The Court cannot afford complete relief without Blockbuster .......... 6

2. Blockbuster has an interest in the action, and disposing of this action without Blockbuster would leave the Trust open to inconsistent obligations .......... 7

B. Blockbuster is an Indispensible Party .......... 8

CONCLUSION .......... 10

## TABLE OF AUTHORITIES

**Page**

### CASES

Field v. Volkswagenwerk AG,
626 F.2d 293 (3d Cir. 1980) .......... 6

Haiying Xi v. Shengchun Lu,
428 F. Supp. 2d 339 (E.D. Pa. 2006) .......... 6

Japan Petroleum Co. (Nigeria) v. Ashland Oil, Inc.,
456 F. Supp. 831 (D. Del. 1978) .......... 7

Kuhn Const. Co. v. Ocean & Coastal Consultants, Inc.,
723 F. Supp. 2d 676 (D. Del. 2010) .......... 5, 9

Micheel v. Haralson,
586 F. Supp. 169 (E.D. Pa. 1983) .......... 8

Pioneer Commercial Funding Corp. v. United Airlines, Inc.,
122 B.R. 871 (S.D.N.Y. 1991) .......... 7

Sever v. Glickman,
298 F. Supp. 2d 267 (D. Conn. 2004) .......... 7

Steel Valley Auth. v. Union Switch & Signal Div.,
809 F.2d 1006 (3d Cir. 1987) .......... 9

### STATUTES & RULES

11 U.S.C. § 362 .......... 8

Fed. R. Civ. P. 12 .......... 2, 5

Fed. R. Civ. P. 19 .......... 2, 5, 9

## INTRODUCTION

This case concerns certain trademarks, including the Blockbuster Express and torn ticket logo, that were assigned to Defendant BB 2009 Trust (the "Trust"), an entity whose rights, titles and interests are now controlled by Blockbuster L.L.C. (f/k/a BBI Operating, L.L.C.) ("New Blockbuster"). These trademarks are the intellectual property that is the subject of this action, and the rights thereto are governed by a series of agreements. These agreements involve not only the Trust and Plaintiff NCR Corporation ("NCR"), but also Blockbuster Inc. ("Blockbuster"), an entity now the subject of jointly administered Chapter 11 cases currently pending in the U.S. Bankruptcy Court for the Southern District of New York. In fact, the "framework" for licensing the trademarks to NCR is established by an Alliance Agreement, entered into by Blockbuster and NCR. Further, in March 2011, Blockbuster terminated NCR's right to use the licensed trademarks pursuant to that Alliance Agreement. Moreover, Blockbuster, along with New Blockbuster, also directed the Trust to terminate NCR's right to use the licensed trademarks pursuant to their contractual rights to do so.

NCR's Complaint ignores the key roles of both Blockbuster and New Blockbuster in these agreements, and instead attempts to improperly narrow the dispute to the Trust alone. This Court should reject these efforts, because a full and fair resolution of the dispute must include not only the Trust, but also Blockbuster and New Blockbuster, both of which are necessary and indispensible parties. It is clear that any resolution regarding the validity or termination of NCR's license will directly affect not only the Trust, but also the rights and obligations of Blockbuster and New Blockbuster as well. Although New Blockbuster intends to move to intervene as a matter of right should this Court deny the instant motion, Blockbuster, as a debtor in the Chapter 11 cases pending in New York and subject to the automatic stay, is incapable of being joined. Accordingly, the Trust respectfully requests that the Court dismiss the

Complaint pursuant to Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure for failure to join Blockbuster, a necessary and indispensible party.

## NATURE AND STAGE OF PROCEEDINGS

On May 27, 2011, NCR filed a Complaint in this Court against the Trust for a declaratory judgment seeking an adjudication of NCR's rights under a trademark license agreement. Declaration of Paul S. Hessler, dated June 21, 2011 ("Hessler Decl."), Ex. A ("Complaint" or "Compl."), ¶ 1). Further, NCR seeks a declaration that the Trust did not have the right to terminate the license agreement and that NCR is not infringing the Trust's trademarks. (Id.)

## STATEMENT OF FACTS

This dispute concerns a series of agreements related to the licensing of certain Blockbuster trademarks to NCR. On January 23, 2009, Blockbuster and NCR entered into an Alliance Agreement that called for Blockbuster to convey to a trust certain trademarks for the purpose, among others, of licensing such trademarks to NCR. (Hessler Decl., ¶ 3, Ex. B; Compl. ¶ 12(a)). The Trust, which is a Delaware statutory trust created pursuant to a Trust Agreement, dated February 27, 2009 (the "Trust Agreement"), by and among Blockbuster, as Trustor, NCR and Wilmington Trust Company, as Trustee, was formed for this purpose. (Hessler Decl. ¶ 4, Ex. C; Compl. ¶ 3). Then on March 2, 2009, the Trust and NCR entered into a Trademark Usage License (the "License"). (Hessler Decl., ¶ 5, Ex. D; Compl. ¶ 1).

Under the License, the Trust granted NCR a license to use the Blockbuster Express and torn ticket logo, as defined in Schedule A of the License, and as covered by U.S. Trademark Applications (Serial Numbers 77668481 and 77668468), as defined in Schedule B of the License (the "Licensed Marks"), on kiosks for the rental and sale of DVDs. (Hessler Decl.,

¶ 5, Ex. D; Compl. ¶ 8-9) In consideration of the license, NCR shall pay to the Trust certain license fees on net revenue that NCR generates through the kiosks bearing the Licensed Marks. (Hessler Decl., ¶ 5).

Since 2010, Blockbuster and its debtor affiliates are debtors and debtors in possession in the jointly administered Chapter 11 cases In re Blockbuster Inc., et al., Case No. 10-14997, currently pending in the U.S. Bankruptcy Court for the Southern District of New York (the "Chapter 11 Cases"). (Hessler Decl. ¶ 6). As permitted by applicable law, Blockbuster transferred substantially all of Blockbuster's assets to New Blockbuster, as assignee of DISH Network Corporation ("DISH"), pursuant to the Amended and Restated Purchase Agreement, dated April 20, 2011, between Blockbuster and DISH (the "Transfer"). (Hessler Decl., ¶ 7 Ex. E; Compl. ¶ 3) The bankruptcy court expressly approved the Transfer in orders issued in connection with the Chapter 11 Cases ("Sales Orders"). (Hessler Decl. ¶ 8, Exs. F, G). New Blockbuster now operates as a wholly-owned, indirect subsidiary of DISH. (Id.).

Through the court-approved Transfer, New Blockbuster acquired all rights, title and interests in the Trust. (Hessler Decl. ¶ 8, Exs. F, G; Compl. ¶ 3). However, the Trust Agreement itself has not been assumed or assigned, so Blockbuster remains a party to the Trust Agreement. (Hessler Decl. ¶ 9). In addition, through the court-approved Transfer, New Blockbuster acquired all rights, title and interest in all of Blockbuster's intellectual property, including trademarks such as the Blockbuster logo (the "Blockbuster IP"). (Hessler Decl. ¶ 8, Exs. F, G). Pursuant to the Sale Orders, New Blockbuster acquired the Blockbuster IP free and clear of any and all interests, including contractual rights, and the Court "forever barred, estopped and permanently enjoined [all persons and entities] from asserting, prosecuting or otherwise pursuing Interests against [New Blockbuster] or its property" "arising under or out of,

in connection with, or in any way relating to, [the Debtors], [or] the Assets [which includes the Blockbuster IP]." (Hessler Decl. Ex. F ¶¶ L, 4, 6 ). No parties objected to the free and clear sale of the Blockbuster IP.

On May 11, 2011, Weil, Gotshal & Manges LLP, as counsel for Blockbuster, provided notice to NCR (the "Blockbuster Notice Letter") that, pursuant to Section 5(e)(5)(a) of the Alliance Agreement, Blockbuster had determined to discontinue the use of the Licensed Marks and directed NCR to discontinue its use of the Licensed Marks. (Hessler Decl. ¶ 11, Ex. H; Compl. ¶ 13). Also pursuant to Section 5(e)(5)(a) of the Alliance Agreement, Blockbuster notified NCR that it withdrew its approval and terminated NCR's license to use the Licensed Marks on the ground that, in light of the Transfer and Blockbuster's intent to reject the Alliance Agreement pursuant to a motion filed in the Chapter 11 Cases, NCR's use of the Licensed Marks had become inappropriate.[1] (Hessler Decl. ¶ 11, Ex. H; Compl. ¶ 14). Because it further determined that this is incurable, Blockbuster directed NCR to cease using the Licensed Marks with immediate effect. (Hessler Decl. Ex. H)

On May 25, 2011, Blockbuster and New Blockbuster delivered a letter to the Trustee (the "Joint Instruction Letter"), which, pursuant to the terms of the Trust, instructed the Trustee to execute and deliver to NCR a notice of withdrawal of approval and termination of license. (Hessler Decl., ¶ 12, Ex. I). In the Joint Instruction Letter, Blockbuster and New Blockbuster acknowledged that termination of the License will result in the dissolution and ultimate termination of the Trust. (Id.)

On May 26, 2011, the Trustee provided NCR with written notice of withdrawal of approval of NCR's usage of the Licensed Marks and terminated the License (the "Termination

---

1 As of June 21, 2011, the motion to reject the Alliance Agreement is currently *sub judice* in the Chapter 11 Cases.

Notice"). (Hessler Decl., ¶ 13, Ex. J; Compl. ¶ 17). Pursuant to Section 14 of the License Agreement, upon termination NCR must, among other things, cease all use of the Licensed Marks in any context within 180 days. (Hessler Decl., Ex. D).

## ARGUMENT

### I. THIS ACTION SHOULD BE DISMISSED FOR FAILURE TO JOIN BLOCKBUSTER TO THIS ACTION

Dismissal is appropriate where a plaintiff fails to join a required and indispensible party. See Fed. R. Civ. P. 12(b)(7) & 19. Under Rule 19, there is a two-step process for determining whether a party is indispensible to an action. First, a court must decide whether a party is a required (or necessary) party, as defined under Rule 19(a). If a party is found to be a required party, then, if joinder is not feasible, a court must determine whether, "in equity and good conscience," that party is also an indispensible party as defined under Rule 19(b). See Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc. 723 F. Supp. 2d 676, 686 (D.Del. 2010). Due to the nature of the interlocking agreements at the core of this dispute, both Blockbuster and New Blockbuster are indispensible parties to this action. New Blockbuster intends to intervene as a matter of right should this motion be denied, but Blockbuster is incapable of being joined due to the automatic stay imposed by its bankruptcy proceedings. As a result, NCR's Complaint must be dismissed.

#### A. Blockbuster is a Required Party

Under Rule 19(a), joinder of a party is required if: (1) in his absence, complete relief cannot be accorded among the parties (Rule 19(a)(1)(A)); *or* (2) the absent person claims an interest in the subject matter of the litigation and that his absence will, as a practical matter, either prejudice his ability to protect that interest or leave an existing party at risk of incurring

multiple or otherwise inconsistent obligations (Rule 19(a)(1)(B)). Kuhn, 723 F. Supp. 2d at 686. Blockbuster qualifies as a required party under both subsections.

**1. The Court cannot afford complete relief without Blockbuster**

The purpose of Rule 19(a)(1)(A) is to ensure the joinder of those parties in whose absence the court would be obliged to grant partial or "hollow" relief rather than complete relief. See Field v. Volkswagenwerk AG, 626 F.2d 293, 300-01 (3d Cir. 1980) (modification on other grounds asserted by Haiying Xi v. Shengchun Lu, 428 F.Supp.2d 339, 341 (E.D. Pa. 2006)).

Blockbuster has already twice exercised its contractual authority to direct the Trust to withdraw its approval and terminate NCR's right to use the Licensed Marks. First, pursuant to the Alliance Agreement, Blockbuster provided notice to NCR to discontinue its use of the Licensed Marks through the Blockbuster Notice letter. (Hessler Decl., Ex. H). Second, by the Joint Instruction Letter Blockbuster instructed the Trustee to deliver to NCR the Termination Notice, directing NCR to cease all use of the Licensed Marks. (Hessler Decl., Ex. I). Blockbuster has made abundantly clear its position that the License Agreement is terminated and that NCR must cease its use of the Licensed Marks.

Because the Trust Agreement has not been assumed or assigned, Blockbuster remains a party to that agreement, and retains the right to continue to direct the Trust with respect to enforcement of the Trust's rights under the License Agreement. Furthermore, under the License Agreement, Blockbuster retains the right to instruct the Trust to terminate the license. A determination by this Court that NCR has the right to continue to use the Licensed Marks would run contrary to Blockbuster's contractual right to direct the Trust to terminate NCR's use of the Licensed Marks. Therefore, even if this Court were to grant the relief sought by NCR – namely, that the Trust has no basis for terminating the License (*e.g.*, Compl. ¶ 25) – Blockbuster would still be contractually entitled pursuant to Section 6(a) of the License to

withdraw its approval and terminate the License. Such a result would not be complete relief, but rather leaves open the real possibility of continued litigation to settle this issue. This is a result that Rule 19(a)(1)(A) is designed to discourage. See Pioneer Commercial Funding Corp. v. United Airlines, Inc., 122 B.R. 871, 879-80 (S.D.N.Y. 1991) (Rule 19(a)(1)(A) furthers the interests of the public in avoiding repeated lawsuits on the same essential subject matter).

Further, Blockbuster is a party to two of the agreements that are relevant to the disposition of this case—the Alliance Agreement and the Trust Agreement. It is axiomatic that in litigation regarding a particular contract, complete relief cannot be afforded where a party to that contract is not a party to litigation. See Sever v. Glickman, 298 F. Supp. 2d 267, 275 (D. Conn. 2004); Japan Petroleum Co. (Nigeria) v. Ashland Oil, Inc., 456 F. Supp. 831, 846-47 (D. Del. 1978) (stating as a general matter, when the rights at issue in a lawsuit arise from a contract, all parties to the contract must be joined and that a corporation is generally an indispensable party in any action affecting its rights and liabilities).

**2. Blockbuster has an interest in the action, and disposing of this action without Blockbuster would leave the Trust open to inconsistent obligations**

As detailed above, Blockbuster qualifies as a required party under Rule 19(a)(1)(A), but Blockbuster also qualifies as a required party under Rule 19(a)(1)(B). That Blockbuster has an interest in the subject matter of this action (*i.e.*, the Licensed Marks) is clear. NCR has filed suit seeking a declaratory judgment that it has the continued right to use the Licensed Marks. (Compl. ¶¶ 18-28.) Pursuant to the License Agreement, Blockbuster has the continued power to direct the Trust to withdraw its approval and terminate NCR's right to use the Licensed Marks. (Hessler Decl., Ex. D, License Agreement § 6(a).) The outcome of this litigation will therefore affect the propriety of any future instructions Blockbuster may make to

the Trust regarding the Licensed Marks. Blockbuster therefore has in interest in the outcome of this action.

Rule 19(a)(1)(B)(ii) is concerned with protecting defendants from being subject to obligations that are inconsistent, such that honoring one would cause the defendant to breach another. See Micheel v. Haralson, 586 F. Supp. 169, 171 (E.D.Pa. 1983). Disposing of this action without Blockbuster creates the substantial risk that the Trust will be open to conflicting obligations between this Court's order and the contractual directions given by Blockbuster under the terms of the License Agreement. For example, a declaration that the License has not terminated would compel the Trust to withdraw its demand that NCR cease using the Licensed Marks. However, Blockbuster continues to have the contractual right pursuant to the License Agreement to direct the Trust to instruct NCR to discontinue its use of the Licensed Marks; Blockbuster's position that the License should be terminated has already been made clear twice. The Trust would then face conflicting obligations from the Court's determination in this lawsuit, and its obligations under Section 6(a) of the License, and also Section 4.08(a) of the Trust Agreement, which states that the "Trustee shall take direction solely from Trustor with respect to enforcement of the Trust's rights under the [License] . . . ." (Hessler Decl., Exs. C & D). Again, this is precisely the sort of conflict Rule 19(a)(1)(B)(ii) is meant to avoid. See Micheel, 586 F. Supp at 171. Accordingly, Blockbuster must be a party to this action so that it will also be subject to this Court's adjudication and to minimize the real risk of inconsistent obligations.

**B. Blockbuster is an Indispensible Party**

Although Blockbuster is a necessary and required party, Blockbuster cannot feasibly be joined to this action due to the pendency of the Chapter 11 Cases. Where a party, such as Blockbuster, is subject to the automatic stay pursuant to the Bankruptcy Code, it is protected against, *inter alia*, the commencement of any judicial action against it. See 11 U.S.C.

§ 362(a)(1). As a result, because Blockbuster is a required party and joinder is not feasible, this Court must determine whether under Rule 19(b) Blockbuster is also an indispensible party such that "in equity and good conscience, the action should [not] proceed" without Blockbuster. Fed. R. Civ. P. 19(b).

The Rule 19(b) analysis is one of equity, in which a court evaluates various factors, including, without limitation, the extent to which prejudice will result to the non-party; the ability of the court to shape relief to avoid prejudice to absent persons; the adequacy of relief available to parties in the necessary party's absence; and the adequacy of remedies available to the plaintiff if the action is dismissed for nonjoinder. Fed. R. Civ. P. 19(b)(1)-(4); see also Kuhn., 723 F. Supp. 2d at 686. If in equity and good conscience the action should not proceed without the missing party, that party is said to be "indispensible" and dismissal under Rule 12(b)(7) is appropriate. See Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1014 (3d Cir. 1987).

If this Court were to enter a judgment without Blockbuster, there is a significant chance of prejudice to both Blockbuster and to the present parties. The Alliance Agreement, entered into by Blockbuster and NCR, lays out the entire framework under which the Licensed Marks were licensed to NCR, and it provides the substantive framework for the remaining documents used in the transaction, including both the Trust Agreement and the License Agreement. (Hessler Decl., Ex. B, at 25, 30-33). Any attempt to resolve issues related to the Licensed Marks, and in particular issues related to the continuing validity of the license, necessarily must consult the Alliance Agreement and the understanding and expectation among the parties at the time that the Alliance Agreement was signed. The Alliance Agreement, however, was entered into by Blockbuster and NCR only. The Trust would be prejudiced if it

were forced to defend this action without Blockbuster, which likely holds unique information regarding the Alliance Agreement and the process of licensing the marks that is otherwise unavailable to the Trust (which is now owned by New Blockbuster, who will intervene as a matter of right if the instant motion is denied).

Further, Blockbuster would also be prejudiced because, as discussed above, Blockbuster still retains the right to instruct the Trust to terminate the License, so any determination regarding the validity of the license to NCR would also implicate Blockbuster's rights and obligations as a party to the Trust Agreement. There are no protective provisions that could be included in the judgment, and no possible way to shape the relief, that would avoid this prejudice. Any determination regarding the validity of the license would directly affect both the Trust and Blockbuster. Accordingly, Blockbuster is indispensible to this action.

Moreover, dismissal will not prejudice NCR, because NCR will still have viable and adequate remedies available to it. NCR can still bring its claims in the form of an adversary proceeding in the Bankruptcy Court for the Southern District of New York, where the Chapter 11 Cases involving Blockbuster are currently pending before Bankruptcy Judge Lifland.[2]

## CONCLUSION

For the foregoing reasons, the Trust respectfully requests that the Court grant its motion to dismiss the Complaint pursuant to Rule 12(b)(7) and grant any further relief that this Court deems just and proper.

---

2 In any event, there may be judicial efficiencies to having this matter heard before Judge Lifland, who is already familiar with Blockbuster, the Blockbuster IP and various of the agreements involving the parties to this case.

                                        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
rsmith@mnat.com

*Attorneys for BB 2009 Trust*

OF COUNSEL:

Paul S. Hessler
Robert H. Bell
LINKLATERS LLP
1345 Avenue of the Americas
New York, NY 10105

June 21, 2011
4338331

**CERTIFICATE OF SERVICE**

I hereby certify that on June 21, 2011, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to:

Melanie K. Sharp
Erika R. Caesar
Young, Conaway, Stargatt & Taylor LLP

I further certify that I caused copies of the foregoing document to be served on June 21, 2011, upon the following in the manner indicated:

Melanie K. Sharp *VIA ELECTRONIC MAIL*
Erika R. Caesar
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)