

YOUNG CONAWAY
STARGATT & TAYLOR, LLP

*Attorneys at Law*

**WILMINGTON**
RODNEY SQUARE

**NEW YORK**
ROCKEFELLER CENTER

**Melanie K. Sharp**
P 302.571.6681
F 302.576.3333
msharp@ycst.com

March 9, 2012

**BY E-FILE**

The Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

> Re:   *NCR Corporation v. BB 2009 Trust*
>       C.A. No.: 11-481-NLH-AMD

Dear Judge Hillman:

We represent plaintiff NCR Corporation ("NCR") in the above-captioned matter.  In its February 9, 2012 Order, the Court directed defendant BB 2009 Trust ("Trust") "to provide a supplemental letter brief addressing whether NCR's claims are subject to Blockbuster's automatic stay." (D.I. 17 at 14.)  The Trust filed a letter brief (D.I. 19) with this Court on February 29, 2012.  As permitted by the Order, NCR responds.

**I.      Blockbuster's Automatic Stay Does Not Make Joinder Infeasible**

Defendant has twice declined to address the applicability of the automatic stay, first on reply and second on the Court's express invitation, and should therefore be deemed to have conceded that it does not apply here.  In its reply in support of its Motion to Dismiss, the Trust failed to answer NCR's argument that the automatic stay is no obstacle to Blockbuster's joinder. (D.I. 10, Answering Br. in Opp. to Mot. to Dismiss ("Opp. Br.") at 18 n.11.)  In response to this Court's Order explicitly directing it to address the question, the Trust again failed to contest NCR's argument that the automatic stay is inapplicable here.  The Trust has waived any argument that the stay makes joinder infeasible and, by failing to respond, has conceded that the stay does not apply.  *See, e.g.*, *Moorestown Twp. Bd. of Educ. v. S.D.*, 811 F. Supp. 2d 1057, 1085 (D.N.J. 2011) (argument deemed conceded where defendant did not respond to plaintiff's argument in its reply in support of summary judgment).

Regardless of the Trust's waiver, the automatic stay does not apply.  A petition filed under Title 11 of the Bankruptcy Code "operates as a stay . . . of a judicial, administrative, or other action or proceeding against the debtor that *was or could have been* commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1) (emphasis added); *see, e.g.*, *In re Grossman's Inc.*, 607 F.3d 114, 122 (3d Cir. 2010).

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Noel L. Hillman
March 9, 2012
Page 2

The Trust does not argue—nor could it—that NCR could have filed this declaratory judgment action against either the Trust or Blockbuster before Blockbuster filed for bankruptcy on September 23, 2010.  As alleged in NCR's complaint, this suit was filed in response to the Trust's May 26, 2011 letter, which purported to terminate NCR's trademark license without giving NCR its contractual right to reasonable notice and an opportunity to cure any allegedly inappropriate use.  (*See* Opp. Br. at 7.)[1]  The only conduct of Blockbuster on which this action might bear occurred entirely after Blockbuster's petition date.  Because NCR's claim for relief arises from post-petition conduct and could not have been brought pre-petition, the automatic stay does not bar joinder of Blockbuster.  *See, e.g., Eric Bram & Co. v. Blair Realty, Ltd.*, 1992 WL 281022, at *4 (D.N.J. Oct. 5, 1992) (holding bankruptcy stay did not apply to claim against debtor of tortious interference with contract where contract between creditor and third party pre-dated bankruptcy petition but the relevant conduct underlying creditor's claim against debtor took place after debtor's petition had been filed); *see also Bellini Imports, Ltd. v. Mason & Dixon Lines, Inc.*, 944 F.2d 199, 201 (4th Cir. 1991) ("The stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed.  It does not include actions arising post-petition" (citation omitted)); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 996 (5th Cir. 1985) ("The stay simply does not apply to post-bankruptcy events").

## II.     The Governing Agreements Were Designed To Avoid The Inequitable Result Sought By The Trust

Having failed to address the only issue the Court asked the Trust to address, the Trust's letter brief instead raises for the first time new unpled facts and contends that "developments in Old Blockbuster's bankruptcy" allegedly make joinder infeasible.  (D.I. 19, Trust Letter Br. at 1.)  The Trust contends that Blockbuster may "soon [] be defunct as an entity and no longer capable of participating in the litigation" (*id.* at 2) while insisting that Blockbuster as an entity has so significant a stake in this matter that it continues to be a "necessary party" under Rule 19(a).  The Trust cannot have it both ways:  if and when "Old Blockbuster" ceases to exist, it will no longer be a "necessary party" for purposes of Rule 19.[2]

The Trust was created to safeguard and protect NCR's license rights in the case of a subsequent Blockbuster insolvency "and to induce NCR to make [an] investment . . . in reliance

---

[1]   As explained in NCR's Opposition, neither Blockbuster nor the Trust took any action to terminate NCR's license until after the bankruptcy petition was filed.  Indeed, Blockbuster's letter to the Trust's Trustee claimed that NCR's use of the trademarks had allegedly "become inappropriate" in light of Blockbuster's bankruptcy and the related sale of assets to DISH Network Corporation ("DISH").  (Opp. Br. at 6.)

[2]   The Trust neglects to provide any reason why "New Blockbuster," which the Trust has noted is the successor to substantially all of Blockbuster's assets, could not step in and take its place.  Indeed, in its original brief the Trust asserted that DISH (the owner of "New Blockbuster") "will intervene as a matter of right" in this action.  (D.I. 7, Mot. at 10.)

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Noel L. Hillman
March 9, 2012
Page 3

of such License." (D.I. 8, Ex. C of Hessler Decl. at 1.)  The Trust's effort to evade the very purpose for which it was created by forcing NCR to litigate its rights in bankruptcy court is at best inequitable, and, as set forth in NCR's complaint, it is unlawful.  Moreover, Blockbuster's apparently imminent dissolution refutes the Trust's argument that "equity" favors dismissal. (*See, e.g.*, Mot. at 9-10.)  The Trust cannot colorably claim that a soon-to-be non-existent Blockbuster faces any risk of prejudice from a lawsuit in which it is too "defunct" to participate.

**III.    The Potential Future Sale Of NCR's Kiosk Business Is Not Relevant To The Trust's Pending Motion**

Much of defendant's letter brief is addressed to NCR's recent announcement that NCR may sell its entertainment business, including the kiosks that currently bear the Blockbuster Express brand, to Redbox Automated Retail, LLC ("Redbox").  To be sure, if NCR and Redbox ever consummated such a transaction—which remains subject to regulatory clearances, including scrutiny under the Hart-Scott-Rodino Act—NCR's rights under the agreements at issue here may be affected.  But that possibility has not changed NCR's standing *today* to seek declaratory relief against the Trust based on the Trust's unlawful actions last May.

*    *    *    *    *

The Trust's Motion to Dismiss should be denied.

Respectfully,

*/s/ Melanie K. Sharp*

Melanie K. Sharp (No. 2501)

MKS: mg

cc:    Clerk of the Court (by Hand Delivery)
       Rodger D. Smith, II, Esquire (by e-mail)

01: 11848302.1