**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| NCR CORPORATION, | : | Civil Action No. |
| | : | |
| Plaintiff, | : | 11-0481 (NLH)(AMD) |
| | : | |
| v. | : | |
| | : | **MEMORANDUM OPINION** |
| BB 2009 TRUST, | : | **AND ORDER** |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Melanie K. Sharp
Erika R. Caesar
Young, Conaway, Stargatt & Taylor LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391

James E. Brant
Latham & Watkins LLP
885 Third Avenue, Suite 1000
New York, NY 10022

Maximilian A. Grant
Michael David
555 Eleventh Street, Suite 1000
Washington, DC 20004

   *Attorneys for plaintiff*

Rodger Dallery Smith II
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899

Paul S. Hessler
Robert H. Bell
Linklaters LLP
1345 Avenue of the Americas
New York, NY 10105

   *Attorneys for defendants*

**HILLMAN, District Judge**

This matter having come before the Court on defendant BB 2009 Trust's Federal Civil Procedure Rule 12(b)(7) motion to dismiss this declaratory judgment action because of plaintiff NCR Corporation's failure to join an indispensable party--Blockbuster--under Rule 19; and

On February 9, 2012, the Court having continued the Trust's motion for thirty-days so that the parties could submit supplemental briefing; and

The Court having held that Blockbuster was a "required party" under Rule 19(a), but that it was not clear whether it was feasible to join Blockbuster to this action because of Blockbuster's bankruptcy[1]; and

The Court having ordered the parties to brief the issue of whether Blockbuster's bankruptcy truly prevents it from being joined here; and

The parties having filed their supplemental materials; and

It appearing that the case law supports, and the Trust does not refute,[2] the joinder of Blockbuster to this case despite its

---

[1] See Docket No. 70 for the background facts and the Court's prior substantive analysis of the issues.

[2] In its supplemental letter to the Court, the Trust contends that it is now not feasible to join Blockbuster to this action because "It is expected that Old Blockbuster's bankruptcy case will be converted from a Chapter 11 to a Chapter 7 case in the

bankruptcy because the automatic stay is applicable only to stay claims that arose pre-petition, and NCR's claims appear to have all arisen post-petition, see <u>In re Grossman's Inc.</u>, 607 F.3d 114, 122 (3d Cir. 2010) (citing 11 U.S.C. § 362(a)(1)); <u>Eric Bram & Co. v. Blair Realty, Ltd.</u>, 1992 WL 281022, *3 (D.N.J. 1992) (citing <u>Taylor v. First Federal Sav. & Loan Ass'n of Monessen</u>, 843 F.2d 153, 154 (3d Cir. 1988) (explaining that the automatic stay is not intended to bar proceedings for post-petition claims that could not have been commenced before the petition was filed (quotations omitted)); and

    Therefore, the Court finding that Blockbuster is a required party that should be joined to this action, and Blockbuster's joinder is feasible at this time;

    Accordingly,

---

first quarter of 2012 and Old Blockbuster will be wound up and dissolved. In the meantime, Old Blockbuster has only one remaining employee (assisted by a former employee working on a contract basis), whose efforts are focused on winding up the estate, managing claims against the estate, and channeling distributions to creditors." (Docket No. 19 at 2.) Future developments in Blockbuster's bankruptcy that may affect its status as a party to this case will be addressed if or when they occur.

    The Trust also suggests that it appears that NCR may discontinue the kiosk business, and contends that it is questionable whether NCR would then have a colorable claim against the Trust. Again, any changes to NCR's business and potential affects on its declaratory judgment action against the Trust will be considered if or when they occur.

**IT IS HEREBY** on this ___29th___ day of_March_, 2012

**ORDERED** that defendant's motion to dismiss for failure to join a necessary and indispensable party [6] is **DENIED.**

                                          ___s/ Noel L. Hillman___
                                          NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey